IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| TRUSTEES OF THE PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND, <br><br> Plaintiffs, <br><br> v. <br><br> JOBCO PLUMBING, INC., <br><br> Defendant. | Civil Action No. 1:12cv0812 (LO/JFA) |

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on plaintiffs' motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2). (Docket no. 10). Plaintiffs are the Trustees of the Plumbers and Pipefitters National Pension Fund ("National Pension Fund") and they seek a default judgment against the defendant Jobco Plumbing, Inc. ("Jobco"). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings of fact and recommendations, a copy of which will be provided to all parties.

### Procedural Background

On July 24, 2012, the National Pension Fund filed this action alleging that Jobco breached its Collective Bargaining Agreement with the United Association Local Union No. 15 and seeking an award for past due contributions, liquidated damages, interest, attorney's fees and costs, and for injunctive relief. (Docket no. 1). A summons was issued on July 26, 2012, and the summons and complaint were served on James O'Brien, the president and CEO for Jobco, on August 11, 2012. (Docket nos. 3, 4). In accordance with Fed. R. Civ. P. 12(a), Jobco's responsive pleading was due on September 4, 2012; 21 days after being served with the summons

and complaint. Jobco failed to file a responsive pleading in a timely manner and on October 4, 2012, the National Pension Fund filed its request for entry of default. (Docket no. 6). The Clerk of the Court entered default against Jobco pursuant to Fed. R. Civ. P. 55(a) on October 5, 2012. (Docket no. 7). On October 19, 2012, the National Pension Fund filed a motion for default judgment, a memorandum in support, and a notice setting a hearing for October 26, 2012 at 10:00 a.m. (Docket nos. 10-12). The motion for default judgment was supported by an affidavit from William T. Sweeney, Jr. (Docket no. 11-1) ("Sweeney Affid.") and a declaration by John Harney (Docket no. 11-2) ("Harney Decl."). The motion for default judgment and supporting papers were served on Jobco by mail on October 19, 2012. (Docket nos. 10-12). On October 26, 2012, counsel for the National Pension Fund appeared at the hearing before the undersigned and no one appeared on behalf of Jobco.

## Factual Background

The following facts are established by the complaint (Docket no. 1) ("Compl."), the memorandum in support of the motion for default judgment, and the affidavit and declaration attached as exhibits to the memorandum (Docket no. 11).

The Trustees of the Plumbers and Pipefitters National Pension Fund are the trustees of a multi-employer employee benefit plan as defined by the Employee Retirement Income Security Act of 1974, ("ERISA"), 29 U.S.C. §§ 1002(3) and (37). (Compl. ¶ 1). The National Pension Fund is established and maintained by a Restated Agreement and Declaration of Trust and by a Collective Bargaining Agreement between the United Association Local Union No. 15 and defendant Jobco. *Id.* The National Pension Fund is administered in Alexandria, Virginia. *Id.* Jobco is a corporation existing under the laws of Minnesota and it transacts business in Minnesota as a contractor or subcontractor in the plumbing and pipefitting industry. (Compl. ¶ 2). During

the relevant time period, Jobco was an "employer in an industry affecting commerce" as defined by 29 U.S.C. §§ 1002(5), (9), (11), (12) and (14); 29 U.S.C. §§ 142(1), (3) and 152(2); and 29 U.S.C. § 1001(a). (Compl. ¶ 2).

The National Pension Fund brings this action under Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). Jobco is a signatory to the Collective Bargaining Agreement with United Association Local Union No. 15, which establishes the terms and conditions of employment for journeymen and apprentice plumbers and pipefitters employed by Jobco. (Compl. ¶ 4). Pursuant to the Collective Bargaining Agreement, Jobco agreed to pay the National Pension Fund certain sums of money for each hour worked by employees of Jobco covered by the Collective Bargaining Agreement. (Compl. ¶ 5). The National Pension Fund claims that Jobco employed certain employees covered under the Collective Bargaining Agreement and failed to make proper contributions to the National Pension Fund for work performed at Jobco's request. (Compl. ¶¶ 6, 7). In the complaint, the National Pension Fund asserts that Jobco has failed to make the contributions due for the months of August 2004 through November 2005, April 2006 through May 2008, and July 2008 through November 2008, in the amount of $19,720.22 pursuant to a missing hours inquiry from an employee of Jobco. (Compl. ¶¶ 7-9).

The National Pension Fund alleges that Jobco is bound to the Restated Agreement and Declaration of Trust that provides in Article VI, Section 5 that an employer who fails to pay the amounts required by the Collective Bargaining Agreement on time shall be considered delinquent and may be accessed liquidated damages in the amount of 10% of the amount due if payment is not received by the due date. (Compl. ¶¶ 10, 11). Furthermore, pursuant to the Restated Trust

Agreement, interest is assessed at a rate of 12% per annum from the date the payment was due through the date of payment to the National Pension Fund. (Sweeney Affid. ¶ 10).

Count I of the National Pension Fund's complaint asserts that pursuant to 29 U.S.C. § 1132(g)(2), it is entitled to a judgment awarding: (1) the full amount of unpaid contributions from August 2004 through November 2005, April 2006 through May 2008, and July 2008 through November 2008; (2) liquidated damages; (3) interest; and (4) the reasonable attorney's fees and costs incurred in this action. In Count II, the National Pension Fund seeks an order enjoining the violations of the terms of the employee benefit plan and requiring Jobco to submit timely contributions and remittance reports to the National Pension Fund.[1]

In the motion for default judgment, the National Pension Fund requests a judgment for delinquent contributions, liquated damages, interest, and attorney's fees and costs as detailed below.

| *Plaintiff* | *Delinquent Contributions* | *Liquidated Damages* | *Interest through 10/26/2012* |
|---|---|---|---|
| National Pension Fund | $19,720.22 | $1,972.02 | $14,485.32 |

| *Attorney's Fees* | *Costs* |
|---|---|
| $1,262.50 | $616.29 |

## Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to

---

[1] The National Pension Fund has not pursued its request for injunctive relief in the motion for default judgment.

4

plead or otherwise defend." The court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment.

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation - other than one relating to the amount of damages - is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.

## Jurisdiction and Venue

The National Pension Fund alleges that this Court has subject matter jurisdiction under Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the LMRA, 29 U.S.C. § 185(a). ERISA Section 502 provides that U.S. district courts have jurisdiction over civil actions brought under this title. ERISA Section 515 states that employers bound by collective bargaining agreements or multi-employer plans shall make contributions in accordance with the terms of the plans or agreements. LMRA Section 301 provides jurisdiction in the U.S. district courts for suits for violation of contracts between an employer and a labor organization. This case is properly before the court under its federal question jurisdiction pursuant to 29 U.S.C. § 1132(e).

ERISA Section 502 states that an action under this title may be brought in the "district where the plan is administered" and "process may be served in any other district where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). The National Pension Fund states

that it is administered in Alexandria, Virginia. (Compl. ¶ 1). On August 11, 2012, the summons and complaint were served on James O'Brien, the president and CEO of Jobco. (Docket no. 4). Venue is proper in this court and this court has personal jurisdiction over Jobco since the National Pension Fund is administered within the Alexandria Division of the Eastern District of Virginia and the defendant was served properly. *See Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. McD Metals, Inc.*, 964 F. Supp. 1040 (E.D. Va. 1997) (personal jurisdiction in an ERISA action should be determined on the basis of the defendant's national contacts with the United States pursuant to the Due Process Clause of the Fifth Amendment and ERISA itself provides for nationwide service of process).

For these reasons, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that the court has personal jurisdiction over Jobco, and that venue is proper in this court.

## Grounds for Entry of Default

The complaint was served in person on the president and CEO of defendant Jobco on August 11, 2012. (Docket no. 4). Under Fed. R. Civ. P. 12(a), a responsive pleading was due on September 4, 2012. After Jobco failed to file an answer or responsive pleading in a timely manner, the National Pension Fund requested an entry of default on October 4, 2012. (Docket no. 6). The Clerk of the Court entered a default on October 5, 2012. (Docket no. 7).

The undersigned magistrate judge recommends a finding that Jobco was served properly, that it failed to file a responsive pleading in a timely manner, and that the Clerk of the Court properly entered a default as to Jobco.

## Liability and Measure of Damages

According to Rule 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Because Jobco did not file a responsive pleading and is in default, it admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6). As set forth in the complaint, Jobco failed to make contributions for the months of August 2004 through November 2005, April 2006 through May 2008, and July 2008 through November 2008 to the National Pension Fund. (Comp. ¶¶ 7, 8). ERISA Section 515 provides that in any action brought to enforce the payment of delinquent contributions in which a judgment in favor of the plan is awarded, the court shall award the plan:

> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of--
>  (i) interest on the unpaid contributions, or
>  (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

In support of its claim for damages, the National Pension Fund submitted an affidavit from William T. Sweeney, Jr. with the motion for default judgment. (Docket no. 11-1). In addition to the affidavit from Mr. Sweeney, the National Pension Fund submitted a declaration from John Harney detailing the attorney's fees and costs incurred in this action. (Docket no. 11-2).

The information contained in the affidavit of William T. Sweeney, Jr. submitted on behalf of the National Pension Fund establishes that Jobco did not make the monthly contributions owed

7

for the months of August 2004 through November 2005, April 2006 through May 2008, and July 2008 through November 2008 in the amount of $19,720.22 in a timely manner and the National Pension Fund is owed liquidated damages in the amount of $1,972.02 (calculated at the rate of 10% of the contributions that were not paid in a timely manner) and interest in the amount of $14,485.32 (at the rate of 12% from the date the payments were due through October 26, 2012). (Sweeney Affid. ¶¶ 10, 11). In addition, the declaration of John Harney details the attorney's fees and costs incurred on behalf of the National Pension Fund in this matter. The total amount of the attorney's fees incurred was $1,262.50 for 7.75 hours of attorney and paralegal time and the amount of costs was $616.29 for the filing fee, process server, and computerized research. (Harney Decl. ¶¶ 2-7). The undersigned magistrate judge has reviewed the declaration of John Harney and the supporting documentation and recommends that the court find that the amount requested for attorney's fees by the National Pension Fund is reasonable and should be paid by the defendant Jobco.[2]

For these reasons, the undersigned magistrate judge recommends that a default judgment be entered in favor of the Trustees of the National Pension Fund against Jobco, Inc. on Count I of the complaint **in the total amount of $38,056.35** as shown below, with interest accruing from the date of judgment until paid.

---

[2] The Harney declaration does not comply fully with the standards set forth in *Grissom v. The Mills Corp.*, 549 F.3d 313, 320-23 (4th Cir. 2008), *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 (4th Cir. 1978) and *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990) for establishing a reasonable fee award. However, since the defendant has not contested the requested amount of fees in this case, the court will accept the allegations set forth by the National Pension Fund concerning the reasonableness of these fees as true. The total amount of the fees and costs requested are consistent with fees and costs incurred and awarded by this court in similar cases.

| Plaintiff | Delinquent Contributions | Liquidated Damages | Interest through 10/26/2012 |
|---|---|---|---|
| National Pension Fund | $19,720.22 | $1,972.02 | $14,485.32 |

| Attorney's Fees | Costs |
|---|---|
| $1,262.50 | $616.29 |

## Notice

By means of the court's electronic filing system and by mailing a copy of these proposed findings of fact and recommendations to the defendant Jobco Plumbing, Inc. at 5225 Arrowood Lane North, Plymouth, Minnesota 55442, the parties are notified that objections to these proposed findings of fact and recommendations must be filed within fourteen (14) days of service of these proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of these proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on these proposed findings of fact and recommendations.

ENTERED this 31st day of October, 2012.

/s/
John F. Anderson
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia